## MATTER OF WHITEHURST

### In Visa Petition Proceedings

### A-13007185

*Decided by Board July 11, 1967*

The divorce secured in the United States by a U.S. citizen terminating his 1957 marriage in the Philippines to beneficiary, a native and citizen of the Philippine Islands, is recognized in the latter country to the extent that beneficiary's subsequent, duly contracted marriage in the Philippines in 1963 to petitioner, a native-born U.S. citizen, will not be challenged by Philippine authorities where the question of validity arises only in the issuance to her of a visa with which to enter her husband's country (United States), which country recognizes absolute divorce.

The case comes forward pursuant to certification by the District Director, Philippine District, of his order dated April 7, 1967 finding that a valid marriage exists and approving the visa petition.

The petitioner, a native-born citizen of the United States, 24 years old, seeks nonquota (now immediate relative) status on behalf of the beneficiary as his wife. The beneficiary is a native and citizen of the Philippines, 33 years old. The parties were married August 3, 1963 at Angeles, Pampanga, Philippines. The visa petition indicates that the petitioner was not married previously, that the beneficiary was married once previously and that the marriage was terminated by divorce.

The case was last before us on December 9, 1964 pursuant to certification by the District Director of his order dated October 14, 1964 revoking the visa petition on the ground that the petitioner's marriage to the beneficiary was not valid under Philippine law and that the beneficiary was not entitled to nonquota status as his spouse. In a letter dated September 21, 1964, giving petitioner notice of intent to revoke prior approval of the visa petition on March 4, 1964, it was set forth that the beneficiary was previously married to Calvin Mathews, a United States citizen, on August 5, 1957 in the Philippines. Calvin Mathews in 1960 left his wife in the Philippines and returned to the United States where on June 10, 1963 he obtained a divorce from the beneficiary in Florence, South Carolina.

299

The District Director based his decision on Philippine law, supported by a citation of authorities. As was pointed out in our prior order, the District Director placed great reliance upon a commentary by Professor Eduardo P. Caguioa, to the effect that an absolute divorce obtained abroad by Filipinos, residing in the Philippines, who went abroad for the sole purpose of obtaining a divorce, even though valid where obtained, shall not be recognized in the Philippines because it is contrary to its public policy. We pointed out that the facts recited by the District Director showed that it was Calvin Mathews, the American citizen husband, who returned to the United States and there obtained the divorce; that the beneficiary, the divorced wife did not go abroad to obtain the divorce. In view of the fact that the applicability of the cases cited in the District Director's order appeared to be doubtful, we remanded the case for an opinion by an expert on Philippine law as to the validity of the divorce and the marriage of the parties under the circumstances herein and for further consideration in view of the new matters set forth in the latest letter of the petitioner reciting that the first husband of the beneficiary left her in the Philippines and thereafter obtained a divorce in the United States, that the petitioner was a member of the Armed Forces of the United States presently stationed in this country and that they had a child who at that time was less than one month old.

The present decision of the District Director contains a letter from the Philippine Undersecretary of Justice dated March 15, 1966, declining in general to rule upon the problem presented but concluding that it is deemed sufficient pursuant to established procedure for executive officials to rely on the legal presumption that a marriage duly contracted by the parties is valid, especially so where the question arises only in the issuance of a visa to a married woman desiring to enter her husband's country which recognizes absolute divorce.

Article 59 of the Philippine Code states that the Local Civil Registrar shall issue the proper license if each of the contracting parties swears separately before him or any public official authorized to administer oaths, to an application in writing setting forth that such party has the necessary qualifications for contracting the marriage. Such application shall, insofar as possible, contain data regarding divorce; if divorced, how and when the previous marriage was dissolved. Article 61 of the Philippine Code states in case either of the contracting parties is a widow or divorced person, the same shall be required to furnish instead of the baptismal or birth certificate the death certificate of the deceased spouse or the decree of the divorce court, as the case may be. A certified copy of Marriage Register No. 651, Page No. 87 of Angeles City, Republic of the Philippines, indi-

cates that the beneficiary was divorced. The record also indicates that the marriage of the petitioner and the beneficiary was solemnized by a municipal judge on August 3, 1963.

The judge performing the marriage had knowledge of the beneficiary's prior marriage and divorce prior to the time the ceremony was performed and did not consider the fact of the divorce a bar to marriage. There is no question that the divorce secured by the first husband in the United States is recognized as absolute in this country. The beneficiary's ex-husband has remarried. The marriage is not brought into question by any legal proceedings in the Philippines. A legal presumption arises that a marriage duly contracted by the parties is valid. The generally accepted rule is that the validity of a marriage is governed by the law of the place of celebration.[1]

Upon a full consideration of the applicable Philippine law and of the general rules of law regarding the validity of marriages, it is concluded that the instant marriage constitutes a valid marriage for immigration purposes. The order of the District Director approving the visa petition will be affirmed.

**ORDER:** It is ordered that the order of the District Director, Philippine District, dated April 17, 1967, approving the visa petition be and the same is hereby affirmed.

---

[1] *Matter of P—,* 4 I. & N. Dec. 610, 613; *Beale, Conflict of Laws,* 1935 Ed., Vol. 2, p. 669.